IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAURICE SPRIGGS,

   *Petitioner*,

v.

UNITED STATES OF AMERICA,

   *Respondent*.

Criminal No. ELH-09-00361
Related Civil No.: ELH-16-2643

**MEMORANDUM**

This Memorandum resolves a motion to vacate filed by Maurice Spriggs, the self-represented Petitioner, pursuant to 28 U.S.C. § 2255. ECF 99 (the "Petition").[1] The government opposes the Petition. ECF 114. Mr. Spriggs has replied. ECF 115.

No hearing is necessary to resolve the Petition. For the reasons that follow, I shall deny the Petition.

### I.    Procedural and Factual Background

In an Indictment filed on June 25, 2009 (ECF 1), Spriggs was charged with carjacking on February 1, 2009, by use of "force, violence and intimidation," in violation of 18 U.S.C. § 2119 (Count One); using, carrying and brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Three). For Counts Two and Three, he was also charged

---

[1] This is Mr. Spriggs's second post-conviction petition. *See* ECF 83; *see also* ECF 88, ECF 89 (Memorandum and Order denying post-conviction relief); ECF 94; ECF 95 (Judgment of the Fourth Circuit, dismissing appeal; mandate). By Order of June 27, 2016 (ECF 98), the United States Court of Appeals for the Fourth Circuit authorized the filing of a successive petition by Mr. Spriggs. *See* ECF 98-1. As discussed, *infra*, the case was subsequently stayed, pending the disposition of other cases that might have had a bearing on this case.

with aiding and abetting under 18 U.S.C. § 2. And, of relevance here, the charge under 18 U.S.C. § 924(c) in Count Two was predicated on the carjacking offense charged in Count One of the Indictment. *Id.* at 2.

Spriggs proceeded to a jury trial that began on March 8, 2010, before Judge William D. Quarles, Jr., to whom the case was then assigned. ECF 41.[2] On March 11, 2010, the jury found Petitioner possessed and guilty of all charges. ECF 51 (Verdict Form). The jury expressly found that Petitioner brandished a firearm in furtherance of the crime of carjacking. *Id.*

Sentencing was held on July 2, 2010. ECF 57. According to the Presentence Report ("PSR," ECF 116),[3] Spriggs had a final offense level of 34 and had a Criminal History Category of VI. *Id.*, ¶¶ 30, 76. Judge Quarles adopted the factual findings and the calculations of the advisory sentencing guidelines ("Guidelines" or "U.S.S.G.") as set forth in the PSR. *See* ECF 60 (Statement of Reasons) at 1.

In particular, Judge Quarles determined that Petitioner was a career offender under U.S.S.G. § 4B1.1 as well as an armed career criminal under 18 U.S.C. §§ 924(c), (e). *See* ECF 60 at 4; *see also* ECF 116, ¶¶ 29, 30. These findings were based on Petitioner's prior felony controlled substance convictions. *See* ECF 116, ¶¶ 29, 30, 41, 47, 53, 56, 59, 65. This yielded a Criminal History Category of VI. And, based on Petitioner's prior convictions, he had a criminal history score of 26 points. *Id.* ¶¶ 73, 74. Therefore, on this basis he also had a Criminal History Category of VI.

Accordingly, Spriggs had a Guidelines range that called for a total sentence of

---

[2] The case was reassigned to me on June 27, 2016, due to Judge Quarles's retirement. *See* Docket.

[3] The PSR initially was not docketed. But, I located it in the Chambers file of Judge Quarles and submitted it for filing.

imprisonment ranging from 360 months to life. *Id.* ¶¶ 36, 92; *see also* ECF 60 at 1. By statute, the brandishing offense (Count Two) required a mandatory minimum sentence of 84 months, consecutive. *See* 18 U.S.C. § 924(c)(1)(A)(ii). Moreover, by statute, Count Three required a mandatory minimum sentence of 180 months. *See* 18 U.S.C. §§ 924(e). Therefore, as to Counts Two and Three alone, Spriggs faced a mandatory minimum sentence of 264 months (22 years). *See* ECF 77 (Sentencing Transcript) at 11; *see also* ECF 116, ¶ 91. The government sought a Guidelines sentence. *See* ECF 56 (government sentencing memorandum); ECF 77 at 13.

Judge Quarles sentenced Petitioner to a total term of 444 months' imprisonment: 180 months as to Count One; 84 months, consecutive, as to Count Two; and 180 months, consecutive, as to Count Three. ECF 59. On November 4, 2011, Petitioner's conviction and sentence were affirmed on direct appeal by the U.S. Court of Appeals for the Fourth Circuit. *United States v. Spriggs*, 452 F. App'x 271 (4th Cir. 2011) (per curiam); *see* ECF 78. The Mandate issued on November 22, 2011. ECF 79.

Spriggs filed his Petition on July 19, 2016. ECF 99. However, pursuant to a district-wide Standing Order, the government sought a stay, pending anticipated rulings by the Supreme Court that might have relevance to the Petition. ECF 102. The Court granted the stay. ECF 103.

On October 4, 2019, this Court issued an Order lifting the stay, and directing the government to respond to the § 2255 Petition by December 2, 2019. ECF 112. Thereafter, the government filed its opposition. ECF 114. Spriggs has replied. ECF 115.

In sum, Spriggs claims that he is entitled to relief pursuant to the Supreme Court's decision in *United States v. Johnson*, ___ U.S. ___, 135 S. Ct. 2551 (2015), because his "sentence was imposed in violation of DUE PROCESS OF LAW." ECF 99 at 4. He argues that his sentence for the conviction under 18 U.S.C. § 924(c) "is unconstitutionally invalid because his predicate

3

offense (aiding and abetting Carjacking, §§ 2119 and § 2) for § 924(c) do not constitute a 'crime of violence' in light of Johnson, supra." *Id.*

Aiding and abetting carjacking is unequivocally a crime of violence for the purpose of § 924(c). Therefore, *Johnson* has no bearing on Petitioner's conviction. Moreover, the recent cases of *Sessions v. Dimaya*, 138 U.S. ___, S. Ct. 1204 (2018), and *Davis v. United States*, ___ U.S. ___ 139 S. Ct. 2319 (2019), are not implicated here.

## II.     Discussion

### A.

Section 2255(a) of Title 28 of the United States Code provides relief to a prisoner in federal custody only on specific grounds: that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255); *United States v. Hodge*, 902 F.3d 420, 426 (4th Cir. 2018); *United States v. Middleton*, 883 F.3d 485 (4th Cir. 2018); *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Pursuant to 28 U.S.C. § 2255(b), the court must hold a hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief. . . ." *See*, *e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). This is such a case; no hearing is necessary.

Nevertheless, in reviewing the Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607,

2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (same).

**B.**

As noted, Petitioner argues that, under the Supreme Court's 2015 decision in *United States v. Johnson*, 135 S. Ct. 2551, 18 U.S.C. § 924(c)(3)(B) is "unconstitutionally vague." ECF 99 at 5. And, he contends that "aiding and abetting Carjacking … does not qualify as a crime of violence under § 924(c)(3)(A) because the offense under 18 U.S.C. § 2119 can be violated by intimidation." *Id.* He adds that "'physical force'" under § 924(c)(3)(A) is limited to 'violent force'. . . ." *Id.*

Section 924 of Title 18 of the United States Code is called "Penalties." It has many provisions. Section 924(c) applies to a person who uses a firearm in connection with certain federal offenses. *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319, 2323 (2019). The section "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation' to, or possessing a firearm 'in furtherance of' any federal 'crime of violence or drug trafficking crime.'" *Id.* at 2324; *see* 18 U.S.C. § 924(c)(1)(A). Moreover, the penalty is "in addition to the punishment provided for such crime of violence or drug trafficking crime . . . ." 18 U.S.C. § 924(c)(1)(A).

The statute defines "crime of violence" in two clauses. One is known as the elements clause, and the other is known as the residual clause. *Id.* Specifically, § 924(c)(3) of 18 U.S.C. defines a "crime of violence" as "an offense that is a felony and

    (A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

5

(B) that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In Count Three, defendant was convicted under 18 U.S.C. § 922(g). That provision deems it unlawful for a convicted felon, among other things, to possess a firearm or ammunition. 18 U.S.C. § 922(g)(1). And, § 924(e)(1) applies to a person who has violated § 922(g) and who also has three or more prior convictions, either for "a violent felony" and/or "a serious drug offense . . . ." This is known as the Armed Career Criminal Act ("ACCA").

In 18 U.S.C. § 924(e)(2)(B), part of ACCA, a "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year . . . that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. . . .

The so called residual clause is found in § 924(e)(2)(B)(ii). It states "or otherwise involves conduct that presents a serious potential risk of physical injury to another."

In *Johnson*, the Supreme Court held that the definition for "violent felony" in the residual clause of the ACCA is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2558. In *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court extended its ruling in *Johnson* to the residual clause of the crime of violence definition in 18 U.S.C. § 16(b). And, in *Davis*, the Court ruled that the residual clause contained in the definition of crime of violence at 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336.

Of import here, the Fourth Circuit has ruled that the federal offense of carjacking under 18 U.S.C. § 2119 is categorically a crime of violence under the force clause in 18 U.S.C.

§ 924(c)(3)(A). *United States v. Evans*, 848 F.3d 242, 247-48 (4th Cir.), *cert. denied*, ___ U.S. ___, 137 S. Ct. 2253 (2017) ("carjacking . . . is categorically a crime of violence under the force clause of Section 924(c)(3)"). There, the Court rejected the argument advanced here by Spriggs. As the government explains, ECF 114 at 4, the *Evans* Court rejected the defendant's contention that carjacking "does not necessarily include as an element 'the use, attempted use, or threatened use of force' required by Section 924(c)(3)" because it "can be committed 'by intimidation.'" *Id.* at 246. To the contrary, the Court determined, *id* at 247: "The act of taking a motor vehicle 'by force and violence' requires the use of violent physical force, and the act of taking a motor vehicle 'by intimidation' requires the threatened use of such force."

Notably, the Fourth Circuit's decision in *Evans* relied on the force clause in 18 U.S.C. § 924(c)(3)(A), not the residual clause. Therefore, as the government observes, the conviction here "is unaffected by later Supreme court decisions in *Dimaya* and *Davis* concerning the residual clause portion of the crime of violence definition." ECF 114 at 4. It follows that Petitioner's conviction for the offense of carjacking remains a crime of violence. *See*, *e.g.*, *Steiner v. United States*, 94 F.3d 1282, 1293 (11th Cir. 2019) (stating that "aiding and abetting a carjacking is a crime of violence under the elements clause of § 924(c)(3)(A)"); *United states v. Lewis*, 907 F.3d 891, 894 n.3 (5th Cir. 2018) (18 U.S.C. § 2 "makes one who aids or abets 'an offense against the United States' liable as a principal.").

Moreover, Petitioner has not challenged his status as a career offender under U.S.S.G. § 4B1.1 or as an armed career criminal under 18 U.S.C. § 924(e). Had he done so, however, those claims would fail. As to the career offender status, the Supreme Court has recognized that the Guidelines "are not subject to vagueness challenges under the Due Process Clause," and therefore, "§ 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, ___ U.S. ___,

7

137 S. Ct. 886, 890-92 (2017). And, as to ACCA, Petitioner continues to qualify as an armed career criminal, because the enhancement was based on his prior felony drug offenses. ECF 116, ¶ 30.

### III. Conclusion

For the reasons set forth above, I shall deny the § 2255 Petition. A Certificate of Appealability shall not issue.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding.[4] 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773 (2017). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

Petitioner has not made a substantial showing of the denial of his constitutional rights. Therefore, I decline to issue a COA.

---

[4] The denial of a COA by the district court does not preclude Petitioner from seeking a COA from the appellate court.

An Order follows.

Date: April 2, 2020                    /s/
                                       Ellen L. Hollander
                                       United States District Judge